IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAJOR HOWARD ROTE, JR., <br> Plaintiff | * | |
| V. | * | CIVIL ACTION NO. CCB-15-1584 |
| | * | |
| WARDEN KATHY LANDERKIN, <br> Defendant | * | |
| | ****** | |

MEMORANDUM

Pending is a Motion to Dismiss filed on behalf of defendant Warden Kathy Landerkin ECF 14.  Plaintiff Major Howard Rote, Jr. has not responded.[1]  Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be granted.

Background

On June 1, 2015, Rote, who was then incarcerated at the Dorsey Run Correctional Facility in Jessup, Maryland, ("DRCF"), filed a self-represented complaint alleging that on an unspecified date a Correctional Officer "put her hands" on him. He stated that he was locked in a multi-purpose room for 15 days with no bedding and without being charged with an inmate rule violation.  ECF 1, p. 4.  Rote claimed the facility has no infirmary and he "need[s] to get out of DRCF."  *Id*.  Rote indicated he was transferred back to the Western Correctional Institution but

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on  October 28, 2015, Rote was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  ECF 15.  He was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court.  *Id.*

1

"neither one has a drug program but MCTC[2] does." *Id*. He states he does not know why he was housed at DRCF. *Id*.

In his court-directed supplemental complaint, Rote sought his commitment for drug or alcohol treatment available under Maryland law. ECF 4, p. 1.  Rote indicated he has a long history of drug dependency and mental health problems. *Id*., p. 2.  He reiterated his claim that he has not received treatment for his mental health or medical issues while incarcerated at DRCF and again requested his transfer. *Id*., pp. 2-4.

In further supplementation, (ECF 9) Rote indicated his desire to "drop all charges" and that all he wants is to leave Maryland and dismiss his case. *Id*.  Thereafter, Rote filed a motion to appoint counsel (ECF 13) which still, in part, suggested that he wanted to dismiss his case.

## Analysis

It appears from the record that Rote does not wish to pursue his claim.  Further, to the extent Rote seeks injunctive relief, his request has been rendered moot.  Rote is no longer housed at DRCF but is currently housed at WCI. Thus, he has received the relief he sought.  *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).  Accordingly, Rote's Complaint, filed against the Warden of DRCF and seeking solely injunctive relief, will be dismissed as moot. A separate Order follows.

Date: May 19, 2016                                         /S/
                                                                    Catherine C. Blake
                                                                    United States District Judge

---

[2] Maryland Correctional Training Center